IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRIE VALK, a/n/f, G.W.B.V., a minor child, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2582-L-BN |
| | § | |
| ROYSE CITY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carrie Valk, as next friend of her minor child, filed a complaint seeking money damages, alleging disability discrimination against Defendant Royse City Independent School District ("RCISD"). *See* Dkt. No. 1.

In response to RCISD's motion to dismiss the original complaint, *see* Dkt. Nos. 1, 6, & 7, Valk filed a timely amended complaint as a matter of course (again, just for money damages), alleging claims just under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701 *et seq.*, *see* Dkt. No. 8; FED. R. CIV. P. 15(a)(1)(B).

RCISD moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 9 & 10.

United States District Judge Sam A. Lindsay then referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 11.

Valk responded to motion. *See* Dkt. No. 16. And RCISD replied. *See* Dkt. No. 17.

For the reasons and to the extent set out below, the undersigned recommends that the Court grant the motion and dismiss this case.

**Legal Standards**

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

Valk brings this suit on behalf of her minor son, identified as G.W.B.V., who, at the relevant time, was a student receiving "special education services for an Intellectual Disability and a Speech Impairment in a self-contained special education classroom" at an elementary school in RCISD. Dkt. No. 8 at 1.

Valk alleges that RCISD discriminated against G.W.B.V. based on his disability "by failing to protect him from physical harm and failing to care for his personal needs" because (1), "[o]n at least one occasion," "another student in G.W.B.V.'s classroom assaulted him during school hours in a self-contained special education classroom" "in the presence of [RCISD]'s employees" who "were aware of the assault as it was taking place and did not prevent it because of G.W.B.V.'s significant disabilities" and (2), "[o]n at least one occasion, [RCISD]'s employees in G.W.B.V.'s classroom failed to provide personal care to G.W.B.V. by allowing him to remain in underwear with feces because of G.W.B.V.'s significant disabilities." *Id.* at 1 & 3.

Several "distinct, but linked, [federal] statutes" protect students with disabilities. *Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 513 (5th Cir. 2024).

The first is the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, ("IDEA"), which is not implicated by a suit seeking just money damages, as "the IDEA's remedy is compensatory education, not compensatory damages," while Title II of the ADA "protects the rights of all individuals with disabilities, banning

discrimination by public entities, including schools." *Lartigue*, 100 F.4th at 514 (cleaned up); *see also Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 607 (7th Cir. 2020) (The ADA "prohibits discrimination based on disability in 'major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III).'" (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001))).

And, "[u]nlike the IDEA, the ADA authorizes 'individuals to seek redress for violations of their substantive guarantees by bringing suits for injunctive relief or money damages.'" *Lartigue*, 100 F.4th at 514 (quoting *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 149-50 (2023)).

> The language in the ADA generally tracks the language set forth in [Section 504]. And the ADA expressly provides that the remedies, procedures, and rights available under the Rehabilitation Act are also accessible under the ADA. Thus, [courts in this circuit] equate liability standards under [Section 504] and the ADA."

*J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023) (cleaned up; further observing that "[t]he only material difference between [Section 504 and Title II of the ADA] lies in their respective causation requirements'": while Section 504 "requires that the plaintiff's disability be the 'sole reason' for the exclusion or denial of benefits, the ADA's standard is less stringent").

> To establish a prima facie case [of discrimination] under either statute, a plaintiff must show:
>
> > (1) that he is a qualified individual ... ; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*J.W.*, 81 F.3d at 449 (quoting *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004))).

In the related context of employment discrimination claims under Title I of the ADA, when a court applies Rule 12(b)(6)'s standards, the complaint "need not contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original); *see, e.g.*, *Nelson v. Collins*, 765 F. App'x 75, 75-76 (5th Cir. 2019) (per curiam) (affirming dismissal of an ADA Title II claim where the plaintiff's "allegations [did] not set forth facts supporting a claim that he was discriminated against in any way because of his disability"); *cf. Brackens v. Dall. Indep. Sch. Dist.*, No. 3:10-cv-642-D, 2010 WL 5464823, at *18 (N.D. Tex. Sept. 20, 2010) ("A claim of discrimination under [Title II of] the ADA may be established by presenting direct evidence or by using the indirect method of proof set out in *McDonnell Douglas*." (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999))), *rec. adopted*, 2010 WL 5485886 (N.D. Tex. Dec. 30, 2010).

Still, "more is required when (as here) a plaintiff seeks compensatory damages rather than injunctive relief." *Lamar Consol. Indep. Sch. Dist. V. J.T. b/n/f April S.*,

No. 4:20-cv-02353, 2023 WL 2652261, at *4 (S.D. Tex. Mar. 24, 2023).

In such a case, a plaintiff must ultimately "prove that the defendant intentionally discriminated against him." *Id.* (citing *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020)); *see also Delano-Pyle v Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir 2002) ("A plaintiff asserting a private cause of action for violations of the ADA or [Section 504] may only recover compensatory damages upon a showing of intentional discrimination." (citing *Carter v. Orleans Par. Pub. Sch.*, 725 F.2d 261, 264 (5th Cir. 1984) (per curiam))).

The United States Court of Appeals for the Fifth Circuit has "not comprehensively defined 'intentional discrimination,' but under [its] caselaw, [that term] includes 'purposeful[ ]' discrimination, *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 184 (5th Cir. 2015), as well as actions 'manifest[ing] some discriminatory animus.' *Carter*, 725 F.2d at 264." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 223 n.9 (5th Cir. 2018) (per curiam) (cleaned up; finding that "purposeful discrimination" was plausibly pleaded where the complaint provided that officials "were aware of the substantial mental limitations [the plaintiff] was experiencing and were also aware that those limitations substantially impaired his ability to sit for [an exam]" but nonetheless "constructively dismissed [the plaintiff] for failing to retake [that exam] and twice denied him readmission thereafter" and that an official's statement that the plaintiff "'was a liability for psychiatric reasons' demonstrate[d] some discriminatory animus" (citations omitted)); *David G. v. Austin Indep. Sch. Dist.*, 40 F.3d 386, 1994 WL 652589, at *3 n.5 (5th Cir. 1994) (per curiam)

(noting that "allegations of failure to provide a safe environment do not eliminate negligence or inadvertence as sources of error and, therefore, do not suffice as allegations of intentional discrimination" (citations omitted)).

The factual content in Valk's amended complaint does not allow the Court to reasonably infer that RCISD subjected G.W.B.V. to intentional discrimination under the ADA and Section 504.

It only offers, as to the alleged assault, that it occurred in the presence of RCISD employees who were aware of it and "did not prevent it because of G.W.B.V.'s significant disabilities" and, as to the allegation that RCISD failed to care for G.W.B.V.'s personal needs, that the District's employees allowed "him to remain in underwear with feces because of G.W.B.V.'s significant disabilities."

Such assertions are conclusory as to the requirement that the alleged ADA or Section 504 discrimination occurred "by reason of" G.W.B.V.'s disability. That is, all that has been alleged is that (1) G.W.B.V. has a disability and that (2), on one occasion, G.W.B.V. was the victim of an assault by a fellow student and that, on a separate occasion, he was allowed to remain in soiled underwear. But the amended complaint then fails to offer factual content from which the Court may infer that these events occurred because of his disability. *Cf. Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) ("A complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff

*because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably." (cleaned up; emphasis in original)).

And the amended allegations are particularly conclusory as to requirement that, here, they also must allow for a reasonable inference of intentional discrimination based on G.W.B.V.'s disability, because the amended allegations fail to eliminate negligence or inadvertence, as opposed to intentional discrimination, as reasons underlying the alleged claims of discrimination.

In sum, the Court should grant the motion to dismiss.

And, because, after Valk amended the allegations in response to a motion to dismiss, the amended allegations remain deficient, Valk has stated her best case and demonstrated that further leave to amend would be futile, so the Court should dismiss this case with prejudice. *Cf. Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023).

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Valk another opportunity to show that this case should not be dismissed with prejudice and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her

amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But the Court should dismiss this lawsuit with prejudice absent timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

The Court should grant Defendant Royse City Independent School District's motion to dismiss the amended complaint [Dkt. No. 9] and dismiss this lawsuit with prejudice unless Plaintiff files timely objections that show a basis to amend to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE