IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARRIE VALK, a/n/f, G.W.B.V., a Minor child,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-2582-L-BN** |
| **ROYSE CITY INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| Defendant. | § § | |

## ORDER

On July 9, 2025, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 18) ("Report"), recommending that the court **grant** Defendant Royse City Independent School District's (the "District" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") (Doc. 9) and **dismiss with prejudice** this action. On June 30, 2025, Plaintiff Carrie Valk ("Plaintiff" or "Ms. Valk") filed her Objections To Findings And Recommendations In The United States Magistrate Judge's Report ("Objections") (Doc. 19).

### I. Report (Doc. 18)

On January 6, 2025, Plaintiff filed her First Amended Complaint ("Amended Complaint") (Doc. 8) as next of friend to her minor child, G.W.B.V., against Defendant, asserting claims for disability discrimination and seeking money damages. Magistrate Judge David Horan determined that Ms. Valk's Amended Complaint does not sufficiently state facts from which the court can reasonably infer that the District subjected G.W.B.V. to intentional discrimination. Report 8. Further, the magistrate judge found that Plaintiff's assertions are conclusory as they relate to the requirement that the alleged ADA or Section 504 discrimination

Order – Page 1

occurred by reason of G.W.B.V.'s disability. *Id.* Magistrate Judge Horan also concluded that Plaintiff's allegations "are conclusory as to the requirement that the alleged ADA or Section 504 discrimination occurred 'by reason of' G.W.B.V.'s disability." *Id.* He determined that all that Ms. Valk "alleged is that (1) G.W.B.V. has a disability and that (2), on one occasion, G.W.B.V. was the victim of an assault by a fellow student and that, on a separate occasion, he was allowed to remain in soiled underwear." *Id.*

Further, the magistrate judge found that because the amended allegations fail to eliminate negligence or inadvertence as a reason for discrimination rather than intentional discrimination, the court should grant the Motion. *Id.* at 9. Magistrate Judge Horan concluded that Plaintiff has pleaded her best case, and granting her leave to amend her pleadings would be futile because she has amended her allegations in response to a motion to dismiss and the amended allegations remain deficient. *Id.* He determined that the opportunity to file objections to the Report allows Plaintiff an opportunity to show that the case should not be dismissed with prejudice and the court should grant leave to amend instead. *Id.* (citation omitted). As a result, the magistrate judge concludes that the court should **grant** Defendant's Motion and **dismiss** this action **with prejudice**.

## II.     Objections (Doc. 19)

Plaintiff makes several objections to the report. Because the Objections are not a model of pellucid draftsmanship, the court had to review them in punctilious detail several times to understand the bases for her objections. Moreover, because several of the objections overlap, the court organizes the objections based on their essence and the similarities of the objections.

First, Ms. Valk objects to the magistrate judge using the following cases: (1) *Lamar Consol. Indep. Sch. Dist. v. J.T. b/n/f April S.,* No. 4:20-cv-02353, 2023 WL 2652261, at *4 (S.D. Tex. Mar. 24, 2023); (2) *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020); (3) *Delano-Pyle v Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002); (4) *Carter v. Orleans Par. Pub. Sch.*, 725 F.2d 261, 264 (5th Cir. 1984); and (5) *David G. v. Austin Indep. Sch. Dist.*, 40 F.3d 386, 1994 WL 652589, at *3 n.5 (5th Cir. 1994). Doc. 19 at 1-2 (citations omitted). Plaintiff contends that these cases do not apply to her case because they do not apply the correct standard at the motion to dismiss stage of litigation.

While several of the cases Magistrate Judge Horan cited are cases that were not decisions or appeals based on motions to dismiss, the magistrate judge is correct in concluding that Plaintiff must allege intentional discrimination to survive a motion to dismiss. As this court has previously held, "[t]o allege intentional discrimination under § 504 and the ADA, a plaintiff must allege that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *Bradyn S. v. Waxahachie Indep. Sch. Dist.*, No. 3:18-CV-2724-L, 2019 WL 3859301, at *6 (N.D. Tex. Aug. 16, 2019) (citing *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010) (internal quotation marks omitted)). That these cases do not have the same procedural posture as this case is insufficient alone to reject the Report's findings. Accordingly, Plaintiff's objections regarding the incorrect use of the aforementioned cases are **overruled.**

Second, Plaintiff objects to the finding that she failed to sufficiently allege intentional discrimination under the ADA and Section 504. Doc. 19 at 2-3 (citations and quotation marks omitted). As previously stated, to survive a 12(b)(6) motion to dismiss, Plaintiff is required to adequately plead intentional discrimination. In her Amended Complaint, Plaintiff states that

"Defendant discriminated against G.W.B.V. by failing to protect him from physical harm and failing to care for his personal needs," "G.W.B.V. suffered physical distress and emotional distress from the District's discriminatory acts," and "[t]he discrimination as to G.W.B.V. was emotionally and mentally harmful to him and he was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior." Doc. 8 at 1, 3, 8. Other than these conclusory allegations, the Amended Complaint does not contain factual allegations or those from which the court can reasonably infer that the District intentionally discriminated against G.W.B.V. based on his disability. A court is not to strain to find inferences favorable to Plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court agrees with the magistrate judge's findings that Plaintiff's allegations are conclusory and insufficient for the court to reasonably infer intentional discrimination. Therefore, the aforementioned objections are **overruled.**

Finally, Ms. Valk objects to Magistrate Judge Horan's findings that the Amended Complaint does not sufficiently allege that the alleged discrimination happened (1) because of G.W.B.V.'s disability and (2) by reason of his disability. Doc. 19 at 1-3 (citations and quotation marks omitted). The court agrees with the magistrate judges' conclusion that Plaintiff must allege facts from which the court can reasonably infer that the alleged discrimination happened because of and by reason of G.W.B.V.'s disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Additionally, Section 503 of the Rehabilitation Act states in part, "No otherwise qualified individual with a disability

in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). The court agrees with Magistrate Judge Horan's findings that Plaintiff's allegations are conclusory and insufficient for the court to reasonably infer that Defendant discriminated against G.W.B.V. because of and by reason of his disability. Therefore, Ms. Valk's objections are **overruled.**

Alternatively, Ms. Valk requests that the court grant her leave to amend her pleadings. Doc. 19 at 7. She contends that if the court allows her to amend her pleadings, she will be able to cure the defects in her Amended Complaint by "providing further facts that allow the Court to reasonably infer that Defendant subjected G.W.B.V. to intentional discrimination under the ADA and Section 504." *Id.* Further, Plaintiff "proffers that in her Response to the Motion to Dismiss she did not respond to Defendant's single misplaced authority, but could further amend her complaint to address any issues raised by the Court in the report or further orders." *Id.*

### III.    Conclusion

Having considered the pleadings, Report, Objections, file, and record in this case, and having conducted a de novo review of that portion of the Report to which the objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court except as herein rejected. Accordingly, the court **grants** the Motion and **overrules** Plaintiff's Objections. Rather than dismissing with prejudice this action, the court **dismisses** it **without prejudice** and **grants** Plaintiff's request to amend her pleadings. The Second Amended Complaint must be filed by **5:00 p.m. August 28, 2025.** If Plaintiff fails to replead in accordance with the court's directives and the standards enunciated herein, such failure will result in dismissal of these claims with prejudice under Rule 12(b)(6) for

failure to state a claim upon which relief can be granted or dismissal of these claims without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

**It is so ordered** this 7th day of August, 2025.

                                                       Sam A. Lindsay
                                                     United States District Judge