IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARRIE VALK, a/n/f, G.W.B.V.,**<br>**a minor child,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-2582-L-BN** |
| | § | |
| **ROYCE CITY INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On May 15, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 29) was entered, recommending that the court grant Plaintiff Carrie Valk's (as next friend of her minor child) ("Plaintiff") Motion for Extension of Time to Respond (Doc. 27) to Defendant's Motion to Dismiss (Doc. 24); grant Defendant's Motion to Dismiss (Doc. 24) pursuant to Federal Rule of Civil Procedure 12(b)(6); and dismiss with prejudice this action and Plaintiff's claims for alleged violations of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"), as Plaintiff has previously amended these claims twice and has been unable to cure the pleading deficiencies identified. No objections were filed before expiration of the 14-day deadline for filing objections to the Report.

Having considered the parties' Motions, briefs, the pleadings, file, the record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Plaintiff's Motion for Extension of Time to Respond (Doc. 27) and **directs** the clerk of court to file Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 27-1) as a separate document and entry on the docket

**Order – Page 1**

sheet reflecting that it was filed prior to but the same date that this order is docketed. Defendant's

Motion to Dismiss (Doc. 24) is **granted**, and Plaintiff's claims for alleged violations of Section

504 of the Rehabilitation Act and the ADA are **dismissed with prejudice** pursuant to Rule

12(b)(6) for failure to state a claim upon which relief can be granted.[*]  As no claims remain, the

court will issue judgment by separate document as required by Federal Rule of Civil Procedure

58.

   **It is so ordered** this 11th day of June, 2026.



                                        Sam A. Lindsay
                                        United States District Judge

---

[*] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Plaintiff, who is represented by counsel, has previously amended her pleadings twice; she has not requested to further amend her pleadings; and she did not file objections to the Report or explain how she would cure the pleading deficiencies identified. The court, therefore, determines that Plaintiff has pleaded her "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation.

**Order – Page 2**